Case 4:24-cv-00832   Document 35   Filed on 06/30/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRONTIER CUSTOM BUILDERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00832 |
| | § | |
| KINSALE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Kinsale Insurance Company ("Kinsale"), motion for summary judgment (Dkt. No. 27). The plaintiff, Frontier Custom Builders, Inc. ("Frontier"), has filed a response to the defendant's motion (Dkt. No. 29), and the defendant has filed a reply (Dkt. No. 30). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

This dispute arises from an insurance coverage issue concerning an arbitration proceeding involving Frontier Custom Builders, Inc. and Michael and Sherrie Glover ("Glovers"). On December 5, 2017, Frontier contracted to build a residence for the Glovers in Porter, Texas. At the time, Frontier was insured under a general commercial liability policy ("Policy") from June 14, 2016, to June 14, 2019, issued by Kinsale Insurance Company.

Following delays and alleged construction issues, the Glovers initiated mediation on April 3, 2019. The parties amended their contract, and Frontier agreed to complete construction and

make certain repairs. On June 27, 2019, Frontier conveyed the property to the Glovers, who moved in two days later. After taking possession, the Glovers reported new issues, including subcontractor-related defects, such as an improper HVAC installation, which caused water damage to ceilings, floors, and walls. On October 22, 2021, the Glovers initiated arbitration with the American Arbitration Association ("AAA"). Frontier notified Kinsale of the claim in December 2021, asserting that Kinsale had a contractual duty to defend Frontier, and that Frontier was entitled to indemnification under the policy. On January 24, 2022, however, Kinsale denied Frontier coverage, arguing that certain applicable policy exclusions barred the claims. Kinsale acknowledged the existence of a valid contract but contends that it has no duty to defend or indemnify Frontier.

On August 30, 2023, the Glovers were awarded $213,314.09 in damages in the arbitration proceeding. In response, on January 23, 2024, Frontier filed a lawsuit against Kinsale in the 295th Judicial District Court of Harris County, Texas, alleging that Kinsale had a contractual duty to indemnify Frontier for the arbitration award. Frontier also contends that Kinsale has violated the Texas Insurance Code, the Prompt Payment of Claims Act, the Texas Deceptive Trade Practices Act, and breach of contract.

Kinsale removed the case to this Court and subsequently moved for summary judgment, arguing that it had no obligation to defend or indemnify Frontier under the insurance policy terms. Frontier opposes Kinsale's motion, insisting that Kinsale breached its contractual duties to defend and indemnify Frontier under the terms of the policy. Frontier further maintains that, under the Eight Corners Rule, Kinsale's refusal to provide coverage for the underlying arbitration was inconsistent with its obligations under the terms of the policy.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV. ANALYSIS & DISCUSSION

#### a. Appraisal Process Discharged Defendant's Contractual Obligations

The Texas Supreme Court recognizes that a timely paid appraisal award will generally preclude a breach of contract claim. See *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019). Here, Kinsale promptly paid the vast majority of the appraisal award, including all amounts tied to structural repairs and personal property. Frontier does not dispute that the award was paid timely and in good faith. The only portion in dispute is $1,650 in additional living expense which Kinsale contends was either: (1) never sufficiently documented by Frontier in a manner that triggered coverages; (2) outside the scope of coverage under the policy language; or (3) waived or settled through the appraisal process.

Under *Ortiz*, minor discrepancies or disagreements over small components of an award, particularly those unsupported by sufficient documentation, or the evidence of coverage such that they constitute a breach where the insurer has substantially complied with the appraisal award. *Id*.

### b. No Evidence of Damages Independent of Policy Benefits

Under *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), a plaintiff cannot recover extra-contractual damages without first establishing entitlement to policy benefits or evidence that supports an independent injury.

Kinsale has substantially complied by paying the appraisal award. Moreover, Frontier has failed to show damages beyond the $1,650 in living expenses, no basis exists for Frontier to maintain a claim under Chapters 541 or 542 of the insurance code or the DTPA. Frontier has not produced evidence of delay in making payment concerning undisputed amounts. Nor is the evidence of conduct rising to the levels of bad faith. Finally, without a viable breach of contract claim, Frontier's extra-contractual claims fail.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on June 30, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge